PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD HAYWOOD GRAHAM III, | ) | |
| | ) | CASE NO.  4:24-cv-1468 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| NORTHEAST OHIO CORRECTIONAL | ) | |
| CENTER, | ) | **MEMORANDUM OF ORDER** |
| | ) | **AND OPINION** |
| Defendant. | ) | [Resolving ECF Nos. 13 and 17] |

Pending before the Court is *pro se* Plaintiff Richard Haywood Graham III's Motion for

Production of Documentation (ECF No. 13), in which Plaintiff requests the Court order

Defendant to produce all records and video relating to his claims.  Also pending before the Court

is Defendant Northeast Ohio Correctional Center's ("NEOCC") Motion to Dismiss (ECF No.

17).  Plaintiff did not respond to Defendant's motion.  For the reasons explained herein,

Defendant's Motion to Dismiss (ECF No. 17) is granted.  Plaintiff's Motion for Production of

Documentation (ECF No. 13) is denied as moot.

## I.      BACKGROUND

Plaintiff brings this action under 42 U.S.C. § 1983 against Defendant for "unlawful

confinement, use of [excessive] force, medical, ect. [*sic*]" that occurred while he was in pretrial

detention at NEOCC.  ECF No. 1 at PageID #: 3.  Plaintiff alleges that on May 4, 2023, he was

assaulted by NEOCC staff when "AS/S Moore and C/M Moore [laid] on top of [him] while C/C

Masters sprayed [him] down with her whole can of OC inflammatory spray."[1]  ECF No. 1 at

---

[1] Oleoresin capsicum (OC) aerosol spray is a "less-than-legal inflammatory agent"
approved for use by the Bureau of Prison "in situations where there is a serious threat to

(4:24CV1468)

PageID #: 5; ECF No. 1-1 at PageID #: 12.  As a result of the alleged assault, Plaintiff claims

that he had a "gash" on his left knee that was treated with a "band-aid," and that although he was

experiencing high blood pressure and low oxygen levels, NEOCC refused to take him to the

hospital for treatment.  He further claims that his skin felt like it "was set on fire" and that the

morning after the incident his eyes were "swollen shut."  Additionally, Plaintiff alleges that the

OC inflammatory spray "ate skin off of [his] neck and under [his] right eye."  ECF No. 1 at

PageID #: 5.

In the grievance forms attached to the Complaint, Plaintiff claims that Nurse Mills gave

him the wrong medication on two occasions, May 22 and May 26, 2023, and refused to provide

the correct medications after it was requested.  ECF No. 1-2 at PageID #: 17.  Another grievance

form alleges that NEOCC staff threw his medication into the trash during a "shakedown"

conducted on May 26, 2023.  ECF No. 1-5 at PageID #: 24.  Plaintiff admits that on or about

June 5, 2023, he signed a form denying further medical treatment from the facility, citing safety

reasons.  ECF No. 1 at PageID ##: 4–5.

Finally, Plaintiff alleges NEOCC unlawfully confined him to the segregation unit from

May 4 through May 18, 2023.  ECF No. 1 at PageID #: 4.  Specifically, Plaintiff claims that

S.I.S. Mooney and A.W. Blackmon falsely issued a threat assessment review relating to the May

4, 2023 incident and unlawfully detained Plaintiff in segregation.  ECF No. 1 at PageID #: 4.

One grievance form claims that A.W. Blackmon "has personal issues against [Plaintiff] for

whatever reason or reasons and is holding [Plaintiff] hostage in A-9."  ECF No. 1-6 at PageID #:

---

the safety of staff, inmates, or others; to prevent serious property damage, and to ensure
institution security and good order."  CPD/CSB No. 5576.04, Oleoresin Capsicum (OC)
Aerosol Spray, Dep't of Justice (Feb. 6, 2017).

(4:24CV1468)

27.  Plaintiff also alleges that A.W. Blackmon refused to transfer Plaintiff to another facility.

ECF No. 1-6 at PageID #: 27.

## II.      STANDARD OF REVIEW

In resolving a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe them in a light most favorable to Plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).  The Court need not accept as true any legal conclusions alleged in the Complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive a motion to dismiss, Plaintiff must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* at 678 (citations omitted).  The complaint should contain sufficient facts "to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.* at 679 (quoting Fed. R. Civ. P. R. 8(a)(2)).

## III.      DISCUSSION

In its Motion to Dismiss, Defendant argues that the Complaint should be dismissed for three reasons: (1) NEOCC is a non-jural entity incapable of being sued; (2) Plaintiff has not named any state or local officials against whom he brings his § 1983 claims; and (3) even construing the Complaint to allege a *Bivens* claim, such liability does not extend to private prisons or their employees.  ECF No. 17.  Plaintiff did not respond to the Motion.  Defendant's arguments are well-taken.

3

(4:24CV1468)

First, NEOCC argues that it "is a non-jural entity that cannot be sued." ECF No. 17 at PageID #: 82.  The Court agrees.  Whether a party that is neither an individual nor a corporation is *sui juris* (*i.e.*, has the capacity to sue and be sued) is governed "by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3).  Under Ohio law, an entity is *sui juris* if it has "full capacity and rights to sue and be sued." *Urban Necessities 1 Stop Shop, LLC v. City of Cleveland*, No. 1:22-cv-2014, 2023 WL 6383825, at *2 (N.D. Ohio Sept. 29, 2023) (citing *Mollette v. Portsmouth City Council*, 169 Ohio App.3d 557, 559 (Ohio Ct. App. 2006)).  Courts in this circuit have repeatedly found that NEOCC—a private prison facility owned and operated by CoreCivic—is not *sui juris* under Ohio law and, therefore, cannot be sued.  *See, e.g., Foster v. Ne. Ohio Corr. Ctr.*, No. 4:25-cv-295, 2025 WL 2299331, at *3 (N.D. Ohio Aug. 8, 2025) (collecting cases); *Picone v. United States Marshal Serv.*, No. 4:15cv2033, 2016 WL 5118303, at *3 (N.D. Ohio Sept. 21, 2016) ("There is nothing in the record to suggest that NEOCC has a separate legal existence that can either sue or be sued."); *Dimora v. Ne. Ohio Corr. Ctr.*, No. 4:14cv1221, 2015 WL 1119768, at *3 (N.D. Ohio Mar. 11, 2015) (dismissing NEOCC as a non-jural entity).  Because NEOCC is not *sui juris*, Plaintiff's claims are dismissed for failure to state a claim upon which relief may be granted.

Second, Defendant argues that even if NEOCC were *sui juris*, Plaintiff's § 1983 claims fail on the merits because NEOCC is not a state actor. ECF No. 17 at PageID #: 83.  To succeed on a § 1983 claim, Plaintiff must demonstrate that (1) his rights secured by the Constitution or federal law were violated, (2) by a person acting under color of *state* law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added).  Private entities may be liable under § 1983 when their conduct is fairly attributable to the state. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  In this case, Plaintiff was, at all relevant times, a federal pretrial detainee. ECF No. 1 at PageID #: 4.  The Sixth Circuit has repeatedly held that when NEOCC provides services for the

4

(4:24CV1468)

federal government, such as housing federal pretrial detainees, it is not acting under color of state law and, therefore, cannot be liable under § 1983.  *Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 342 (6th Cir. 2014); *Ayon v. Ne. Ohio Corr. Ctr.*, 478 F. App'x 999, 1000 (6th Cir. 2012) (holding that plaintiff's due process and Eighth Amendment violation claims were properly construed under *Bivens* because NEOCC was not acting under state law.).  Because NEOCC was not acting under color of state law, Plaintiff cannot succeed on his § 1983 claim.

Finally, Defendant argues that even if the Court construes Plaintiff's claims under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the Complaint still fails because a *Bivens* claim cannot extend to private corporation or its employees.  Similar to a claim against state actors for constitutional violations under § 1983, to succeed on a *Bivens* claim, Plaintiff must prove that: (1) he was deprived a right secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of law.  *Bivens*, 403 U.S. at 392; *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).  Assuming Plaintiff can show a constitutionally recognized interest is adversely affected by a federal actor, recovery under *Bivens* requires a two-step inquiry.  *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007).  First, the Court must determine whether alternative processes for protecting the interests at issue already exist.  Second, absent an alternative, the Court must weigh any special factors "counselling hesitation before authorizing a new kind of federal litigation." *Bush v. Lucas*, 462 U.S. 367, 378 (1983).

Even if Plaintiff had properly named CoreCivic, which owns and operates NEOCC, he would still be precluded from recovering under *Bivens* because CoreCivic is a private corporation.  The Supreme Court has expressly declined to extend *Bivens* remedies to private entities operating private federal prisons.  *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001). The Court explained that the "purpose of *Bivens* is to deter individual federal officers from

(4:24CV1468)

committing constitutional violations" and that "the threat of suit against an individual's employer was not the kind of deterrence contemplated by *Bivens.*" *Id*. at 70–71 (citing *F.D.I.C. v. Meyer, 510 U.S. 471, 473–74 (1994)*).  Similarly, the Supreme Court has refused to apply *Bivens* remedies to "privately employed personnel working at a privately operated federal prison" for "conduct allegedly amount[ing] to a violation of the Eighth Amendment." *Minneci v. Pollard, 565 U.S. 118, 131 (2012)*.  The Court explained that such conduct—in this case, unlawful confinement, assault, and providing inadequate medical care—"typically falls within the scope of traditional state tort law" thus requiring a state-law remedy.  *Id*.  Even if the individual NEOCC staff members had been named as defendants, Plaintiff's claims are more akin to state tort claims and, therefore, he must seek a remedy under Ohio law.  Accordingly, the Complaint is dismissed with prejudice.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 17) is granted.  All claims against Defendant are dismissed with prejudice.  Plaintiff's Motion for Production of Documentation (ECF No. 13) is denied as moot.

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


April 10, 2026                                                      */s/ Benita Y. Pearson*
Date                                                                Benita Y. Pearson
                                                                    United States District Judge

6